U. S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

APR 1 2 2007

ROBERT H. SHEMWELL, CLERK
BY _____ DEPUTY
SHREVEPORT

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

JACKSON JONES      CIVIL ACTION NO. 07-0565

versus      JUDGE STAGG

SHIRLEY A. BOCKSTRUCK, ET AL.      MAGISTRATE JUDGE HORNSBY

## MEMORANDUM ORDER

Plaintiff filed suit in state court for damages allegedly caused by a car accident that happened while Plaintiff was driving a vehicle owned by the City of Shreveport. There is not diversity of citizenship between Plaintiff and the defendant driver of the other car.

Plaintiff later filed a pleading styled "Amended and Supplemental Petition for Damages, Cross Claim and Third Party Demand." Doc. 2. Louisiana Code of Civil Procedure Article 1071 permits a party to assert by cross-claim a demand against a co-party arising out of the transaction or occurrence that is the subject matter of the action. A co-party "logically is one who is at the same functional level in the lawsuit, i.e., two plaintiffs in the original action, two defendants in the original action or two defendants in a third party demand." 1 Louisiana Civil Law Treatise, Civil Procedure § 7.5. Louisiana law also permits a defendant in a principal action to file a third party demand against any person who is or may be liable to him for all or part of the principal demand. La. C. C. P. art. 1111. The third party demand is the traditional vehicle used in Louisiana by a person who claims contribution or indemnity from a third person, and the demand does not make the third party defendant a party to the principal demand. 1 Louisiana Civil Law Treatise, Civil Procedure § 7.4.

Plaintiff's cross-claim and third-party demand do not resemble the forms of those claims contemplated by state law. His "cross-claim" is not asserted against a co-plaintiff (there is none) but is a claim against the City of Shreveport that asserts the City had a UM policy that would provide coverage for damages beyond those for which the defendant driver has coverage. Plaintiff also asserts that the City is liable to him for wrongful termination of his employment.

It is the third party demand that gave rise to the removal to federal court. Plaintiff asserts the so called third party demand against CIGNA Corporation and claims breach of contract for termination of long term disability benefits under a policy provided through Plaintiff's employment with the City.

CIGNA removed the entire case based on the assertion that there is diversity between CIGNA and Plaintiff, and that the lack of diversity between Plaintiff and the other parties may be ignored because the two groups of claims are procedurally misjoined. The procedural misjoinder theory, rooted in the Tapscott decision cited by CIGNA, has been used to ignore a non-diverse party whose presence would appear to destroy diversity but who was so unrelated to the main claims that his joinder in the action was procedurally improper. See Hines and Gensler, Driving Misjoinder: The Improper Party Problem in Removal Jurisdiction, 57 Ala. L. Rev. 779 (2006) and Percy, Defining the Contours of the Emerging Fraudulent Misjoinder Doctrine, 29 Harv. J. L. & Pub. Policy 569 (2006). This case is different from the usual improper procedural joinder situation in which the principal

defendants wish to remove and ask the court to ignore a misjoined plaintiff or defendant. In this case, it is the allegedly misjoined party who effected the removal.

This situation might seem to fit more readily under the "separate and independent claim" removal provision of 28 U.S.C. § 1441(c), but that provision applies only when the separate and independent claim is within the federal question jurisdiction conferred by Section 1331. The claim asserted against CIGNA is a state law claim for breach of contract. CIGNA has not invoked ERISA preemption that might deem the breach of contract claim to be one under Section 1331. CIGNA perhaps chose not make such an assertion because it appears the plan may be a government sponsored plan exempt from ERISA. See Michel v. United Health Care, 2003 WL 1790846 (E.D. La. 2003). Accordingly, Section 1441(c) does not appear to be available.

Whether the court has subject matter jurisdiction is an issue that the court must resolve, and the court will require the parties to brief the issue extensively whether or not Plaintiff files a motion to remand. They should commence researching the issues now so they may be prepared. Plaintiff has created this procedural tangle, so he should also be prepared to explain the propriety of his procedural steps.

If Plaintiff were to move at this early stage of the litigation to dismiss without prejudice his claims against CIGNA, the motion would likely be favored. See Robb v. Stericycle, Inc., 2005 WL 2304475, *6 (W.D. La. 2005). This court would then remand the remainder of the case (car accident and wrongful termination claims) to state court. Plaintiff

could then do the procedurally proper thing and file a separate suit against CIGNA for disability benefits. Plaintiff will be permitted until **April 20, 2007** to file such a motion to dismiss the claims against CIGNA. If he does not do so, the court will order the parties to file briefs on the procedural and jurisdictional issues outlined above.

THUS DONE AND SIGNED at Shreveport, Louisiana, this _11_ day of April, 2007.

MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE