U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ED - SHREVE

MAY 2 4 2007

ROBERT H. SHEMWELL, CLERK
BY _____
      DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

JACKSON JONES                           CIVIL ACTION NO. 07-0565

versus                                  JUDGE STAGG

SHIRLEY A. BOCKSTRUCK, ET AL.           MAGISTRATE JUDGE HORNSBY

**MEMORANDUM RULING**

Jackson Jones ("Plaintiff") has created in the state court a procedural tangle of a case that was removed based on an assertion of diversity jurisdiction. The court noted questions about procedural and jurisdictional issues in a prior order. Doc. 11. One of the parties, the City of Shreveport, has filed a Motion to Remand (Doc. 12) that is now before the court. For the reasons that follow, the motion will be granted by severing Plaintiff's claims against CIGNA corporation, exercising diversity jurisdiction over those claims, and remanding the other claims that were improperly joined with the claims against CIGNA.

Documents attached to the Motion to Remand indicate that in 2001 Plaintiff was stopped at a traffic light when he was struck from the rear by a car driven by Shirley Bockstruck, who was insured by Economy Fire & Casualty. Plaintiff filed a state-court suit in 2002 against Bockstruck and Economy. The City of Shreveport, apparently based on payment of worker's compensation benefits related to the accident, intervened in the case.

Plaintiff's state court case was set for trial in January 2004. The court sounded the docket. Counsel for defendants and the City were present and ready to proceed, but Plaintiff did not appear. The parties who were present informed the court that Plaintiff had also failed

to comply with any discovery obligations and had failed to comply with the court's pretrial order. The defendants and the City had settled the issues between them. The court dismissed Plaintiff's claims with prejudice based on his failure to appear. Judgment was signed in May 2004.

More than two years later, in September 2006, Plaintiff filed a motion for new trial. The state district court found that Plaintiff had been provided legal and reasonable notice of the trial setting for which he failed to appear, and the motion for new trial was denied.

Plaintiff filed in November 2006 a pleading styled "Amended and Supplemental Petition for Damages, Cross-claim and Third Party Demand." The court observed in the prior order (Doc. 11) that the claims purportedly asserted in the pleading bear little resemblance to a cross-claim or third party demand as those incidental actions are defined by Louisiana law. Plaintiff's "cross-claim" is not, as one might assume, asserted against a co-plaintiff (there is none) but is a claim against the City of Shreveport that asserts the City had an uninsured motorist policy that would provide coverage for damages beyond those for which the defendant driver has coverage. Plaintiff also asserts that the City is liable to him for wrongful termination of his employment.

It is the third party demand that gave rise to the removal to federal court. Plaintiff asserts the so called third party demand against CIGNA Corporation and claims breach of contract for termination of long term disability benefits under a policy provided through Plaintiff's employment with the City.

CIGNA removed the entire case based on the assertion that there is diversity between CIGNA and Plaintiff, and that the lack of diversity between Plaintiff and the other parties may be ignored because the two groups of claims are procedurally misjoined. (CIGNA also explains that the disability plan was actually issued by Life Insurance Company of North America, but that insurer and potential defendant is also diverse from Plaintiff.)

The court discussed in the prior order the procedural misjoinder theory, which is described at length in the articles cited in that order. The doctrine is applicable in this case. The disability policy claims against CIGNA which, if asserted in a stand-alone action, would be removable, have not been demonstrated to have any factual or legal relationship to the car accident and employment claims asserted against the other parties. The court is cautious of applying the procedural misjoinder theory, lest that exception begin to swallow the rule that complete diversity of all parties is required, but this is a clear-cut case of procedural misjoinder where a disability claim against CIGNA has been joined, with no rhyme or reason, with tort claims arising from a car accident and a wrongful termination claim, neither of which have anything to do with CIGNA. Plaintiff had the opportunity to respond to the City's motion to remand, but he has not filed anything since the case arrived in this court to explain why the claims could conceivably be joined in one action.

The appropriate action by the court is to sever the procedurally misjoined claims (however they are labeled by Plaintiff) against Ms. Bockstruck, Economy Fire & Casualty, and the City of Shreveport and remand those claims to state court. Plaintiff's disability

policy claims against CIGNA, and only those claims, will remain in this court based on diversity between those parties. An order that grants the City's Motion to Remand and that reflects the relief just described will be entered.

CIGNA has asserted that the amount in controversy exceeds $75,000, but no details have been disclosed about the amount of benefits claimed or available under the relevant policy. There are also no other particular facts presented to satisfy CIGNA's burden of establishing that it is more likely than not that the amount in controversy exceeds $75,000. CIGNA is directed to file an Amended Notice of Removal by **June 15, 2007** and attempt to provide additional facts that will satisfy its burden with respect to the amount in controversy.

THUS DONE AND SIGNED at Shreveport, Louisiana, this 24 day of May, 2007.

MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE