UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

JACKSON JONES                          CIVIL ACTION NO. 07-0565

versus                                 JUDGE STAGG

SHIRLEY A. BOCKSTRUCK, ET AL.          MAGISTRATE JUDGE HORNSBY

### MEMORANDUM RULING

Jackson Jones ("Plaintiff") commenced this action in state court and proceeded to add claims and parties that resulted in a procedural tangle and, eventually, the removal of the case based on an assertion of diversity jurisdiction. In a prior ruling (Doc. 15), the court reviewed the various claims and ultimately remanded all claims in the case except a claim for disability benefits asserted by Plaintiff against Life Insurance Company of North America ("LINA") (sometimes referred to by Plaintiff as CIGNA Corporation).

The court noted that LINA alleged in its notice of removal that the amount in controversy exceeds $75,000, but LINA had not provided details about the amount of benefits claimed or available under the relevant disability policy. LINA was directed to file an amended notice of removal and attempt to provide facts that would, when considered together with the facts in Plaintiff's pleadings, meet LINA's burden with respect to the amount in controversy.[1]

---

[1] The court has an independent duty to ascertain that it has subject matter jurisdiction over a civil action. Torres v. Southern Peru Copper Corp., 113 F.3d 540, 542 (5th Cir. 1997). "There is a presumption against subject matter jurisdiction that must be rebutted by the party bringing an action to federal court." Coury v. Prot, 85 F.3d 244, 248 (5th Cir. 1996). In a removed case, the removing defendant has the burden of showing that the amount in

Plaintiff's pleadings devote only a single paragraph to the claim.  Plaintiff asserts that LINA is liable "for breach of contract terminating his Long Term Disability benefits under a contract of insurance that had been issued through his employment with the City of Shreveport."  Plaintiff does not pray for any particular amount of benefits or seek any special relief such as statutory penalties or attorney fees.  He merely asserts the breach of contract and alleges that the benefits were terminated "wrongfully and without adequate medical evidence in violation of the insurance contract" despite Plaintiff being "totally disabled." Doc. 6-2, p. 5.

LINA's Amended Notice of Removal (Doc. 19) adds some factual information about the claim.  LINA states that the benefits paid under the policy were $1,282 per month and were paid from September 2001 through March 2003.  LINA removed this action in March 2007.  If Plaintiff were to establish that he was entitled to benefits during that four-year period between cessation of payments and the removal, the amount due would be approximately $62,000.  LINA concedes that the potential past due benefits are less than the $75,000 threshold for the exercise of diversity jurisdiction, but it asserts that the court may

---

controversy element of diversity jurisdiction is satisfied. In determining whether the defendant has met that burden, the court may look to the plaintiffs' pleadings to see whether it is facially apparent that the claims are for more than $75,000. The removing attorney may also support jurisdiction by setting forth the facts in controversy, either in the notice of removal or by affidavit, that support a finding of the requisite amount.  Luckett v. Delta Airlines, 171 F.3d 295, 298 (5th Cir. 1999); Simon v. Wal-Mart Stores, Inc., 193 F.3d 848 (5th Cir. 1999).

also consider that Plaintiff might be entitled to post-removal future benefits that have a net present value of more than $180,000.

Plaintiff filed a memorandum (Doc. 17) that is in essence a motion to remand on the grounds that the amount in controversy is not present.  He cites authority for the proposition that possible future payments should not be considered in assessing the amount in controversy.  LINA has also filed a memorandum (Doc. 18) on the subject.

LINA concedes that Plaintiff has cited authority for the general rule that future benefits payable pursuant to a disability policy are not to be calculated to determine the amount in controversy.  See 14B Wright, Miller & Cooper, Federal Practice and Procedure §3710  ("The prevailing view [in disability policy claims] is that only the amount of the installments unpaid at the commencement of the suit may be taken into account, even though the judgment will be determinative of the company's liability for future installments."); Joseph E. Edwards, LL.B., Determination of Requisite Amount in Controversy in Diversity Action in Federal District Court Involving Liability Under, or Validity of, Disability Insurance, 11 A.L.R. Fed. 120 ("Although there is some authority which could arguably be asserted as supporting a contrary view, it has been generally held that future potential benefits may not be taken into consideration in the computation of the amount in controversy in diversity actions in Federal District Courts involving disability insurance where the controversy concerns merely the extent of the insurer's obligation with respect to disability

benefits and not the validity of the policy."); and <u>Shoemaker v. Sentry Life Ins. Co</u>., ---

F.Supp.2d ----, 2007 WL 1219578 (D. Ariz. 2007)(collecting cases).

The rationale for the rule is that the amount in controversy is assessed in a "snapshot"

fashion at the time of removal.  When the case is removed, it is uncertain whether there is a

dispute as to future payments.  The claimant's health or other factors could change in the

future and result in the company (1) later paying the benefits voluntarily or (2) being

admittedly justified in not paying benefits.  A judgment based on the claim for amounts due

at the time of removal is not *res judicata* as to liability under the policy in the future, which

hinges on unpredictable facts.  There are reasonable arguments for a different rule, but the

cited rule is nonetheless the generally accepted rule in cases of this type.

LINA attempts to invoke the exception to this general rule that the result is different

when the validity of the entire insurance contract is brought into issue.  That exception has

been found applicable in cases such as <u>Massachusetts Cas. Ins. Co. v. Harmon</u>, 88 F.3d 415

(6th Cir. 1996), where the disability insurer sought rescission of the entire policy based on

the insured's failure to disclose a prior history of lower back pain and anxiety. In such a case,

potential future benefits are considered in assessing the amount in controversy. This case

does not fit that exception.

LINA represents that it was paying benefits to Plaintiff when it asked him to provide

evidence of continuing disability.  Plaintiff allegedly failed to produce such information or

to attend a scheduled functional capacity evaluation.  LINA then terminated benefits.

Plaintiff's petition urges that the termination was wrong.  This is not a case seeking a declaration as to the validity of the entire contract between the parties.  It is a garden variety claim for wrongfully denied benefits that, under the general rule, falls short of the requisite amount in controversy.  The removing party has not satisfied its burden of establishing a basis for the exercise of diversity jurisdiction, so a remand must be ordered.

THUS DONE AND SIGNED at Shreveport, Louisiana, this 27th day of June, 2007.

MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE